UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-22254-CIV-GAYLES

CARMEN RINCON and CARLOS RINCON,
as Personal Representatives of the Estate of
Ethan Rincon, deceased

    Plaintiff,

v.

MIAMI-DADE COUNTY, SERGEANT
VICTOR EVANS, OFFICER JOHN DALTON,
OFFICER BRIAN ZAMORSKI and OFFICER
MARLENE TABORDA,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT MIAMI DADE COUNTY'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE PENDING RESOLUTION OF RELATED STATE CRIMINAL AND ADMINISTRATIVE INVESTIGATIONS [D.E. 14]**

For this Response, the Plaintiffs, by and through their counsel, state:

1. In its motion, the Defendant Miami-Dade County ("MDC") argues that this lawsuit is premature claiming that due to the ongoing nature of the underlying criminal investigation, they would be prejudiced in being able to defend themselves and, as such a stay should be ordered. For the following reasons, logic and analysis, the motion as presented should be denied. However, Plaintiff submits a reasonable resolution that satisfies the defense concerns.

2. First, although MDC makes it sound like the relief they seek is automatic, clearly, it is not. This is because MDC overlooks that this issue requires the balancing of *two*

*opposing interests*-those of the Plaintiff and those of MDC. While MDC has its rights, the Plaintiffs also have theirs, such as the right to a relatively speedy and public trial because justice delayed is justice denied. This does not have to be – as MDC suggests – an all or nothing proposition.

3. Based upon the Plaintiff's reasonable, proposed plan, below, this court can balance and satisfactorily meet the interest of the parties here. Accordingly, MDC's motion should be denied in part and granted in part.

## LAW AND ARGUMENT

To save time and paper, the Plaintiffs generally agree that courts have inherent power to control their dockets which would include discretion to stay a civil action while there is a parallel criminal proceeding. See, "ARGUMENT" Defendant Miami-Dade County's Motion @ p. 3. However, as will be discussed further below, *an absolute and automatic blanket stay is not necessary* to address the interests of all parties to this action.

We first note that while the defense cites various district court cases where stays have been granted, many of those, without analyzing each one individually, were either agreed orders, or, situations where the arguments which we present herein were never made. Moreover, the decision of one district court judge is not binding on all other district court judges in the same district, especially considering that the "stay decision" is quite discretionary.

For ease in matching this Response to the Defendant's motion, our response will match the particular numbered sections of arguments contained in the defense motion.

**I. That the documents and information relating to the subject incident are exempt from disclosure pursuant to state and federal law.**

This argument fails for a very simple reason. The FDLE *criminal* investigation will soon be over and thus at the time the exception loses its purpose.  To be fair, and in recognizing that "public records investigative exception" the Plaintiffs do not object to a full stay *until that point in time*.  When the FDLE criminal investigation ends, the investigation file is forwarded to a screening prosecutor from the Miami Dade County State Attorney's Office ("SAO") who will review those materials and make a charging decision. That, however, is not part of an "ongoing police, criminal investigation." It is merely a review period that can take several months and even years. By that point in time, all witness statements are "locked in" and all tangible evidence and reports final and preserved. Thus discovery in the civil case cannot either change history or, affect the preserve evidence. Then what's left? One thing and one thing alone– The Fifth Amendment right of the individual officers, and our proposed plan accounts for that.

In short, once the FLDE criminal investigation over, there can be no "parallel and civil proceedings". Indeed, and technically speaking, the FDLE criminal investigation is not even a "proceeding". It is an investigation; Nevertheless, Plaintiff's do not opportunistically play with that technical difference.

**II. That the court should stay these proceedings because Defendant MDC is unable to properly mount the defense until the state criminal and administrative proceedings are completed, and Plaintiff would not be unduly burden by the stay.**

No *indefinite blanket stay* is necessary to accomplish MDC's concern. And, certainly, the Plaintiffs will be unduly burdened by such a long stay. As stated, justice delayed is justice denied. The Plaintiffs have the right, and indeed the need, to take discovery and move the case to trial. It is axiomatic that the state and federal courts - criminal and civil alike - all recognize a uniform thinking of the timely finality of disputes between parties. In any event, the Plaintiffs propose that this case can easily proceed towards with discovery and a trial date while still protecting the Fifth Amendment rights of the individual, defendant officers and those raised by MDC.

### PLAINTIFFS' PROPOSED AND REASONABLE PLAN

**First**, initially stay the entire action until FDLE announces the termination of *its* criminal investigation, excepting the litigation of any and all Rule 12(b) motions (since they do not require discovery); **second**, defer entry of a scheduling order, or, enter a *partial* scheduling order for matters not affected by the stay and leave the trial date and other deadlines that would be affected by the stay "open", as applicable; **third**, prohibit either party from filing any dispositive motion(s) until discovery in this matter is closed; and **last**, allow full discovery to proceed in this matter *excepting discovery relating to the individual officers*. With regards to *that* discovery, the Court can set a reasonable stay period for the SAO to make a charging decision – we suggest six months following the closing of the FDLE case. However, after that the date expires, the "residual" stay should be lifted regardless of the status of the SAO decision, remaining deadlines and a trial date should be set.

WHEREFORE, based on the foregoing, the Court should grant deny Defendant's Motion for Stay consistent with the recommendations of this Response.

    Respectfully submitted,

    s/ Richard Diaz

    _____
    RICHARD J. DIAZ, PA
    3127 Ponce de Leon Blvd,
    Coral Gables, FL  33134
    Telephone: (305) 444-7181
    Facsimile: (305) 444-8178
    Email: rick@rjdpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF this 16th day of August, 2016 and served upon all parties of record electronically.

    s/ Richard Diaz

    _____
    Richard J. Diaz, Esq.