UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22254-CIV-GAYLES

CARMEN RINCON and CARLOS RINCON,
as Personal Representatives of the Estate of
ETHAN RINCON, deceased,

     Plaintiffs,
v.

MIAMI-DADE COUNTY, SERGEANT
VICTOR EVANS, OFFICER JOHN DALTON,
OFFICER BRIAN ZAMORSKI, and OFFICER
MARLENE TABORDA,

     Defendants.
_____/

**MIAMI-DADE COUNTY'S REPLY IN SUPPORT OF MOTION TO STAY
PROCEEDINGS PENDING RESOLUTION OF RELATED
<u>STATE CRIMINAL AND ADMINISTRATIVE INVESTIGATIONS</u>**

Miami-Dade County (the "County"), hereby files this Reply in support of its Motion to Stay (the "Motion") [ECF No. 16], wherein it requests that this Court stay all proceedings and administratively close this case until the ongoing state criminal and subsequent administrative investigations into the subject incident have concluded.

In their Response [ECF No. 17], Plaintiffs fail to cite a single case in support of their position or distinguish or otherwise address any of the cases cited in the Motion.  More importantly, Plaintiffs fail to understand the role of State Attorney's Office ("SAO") during the ongoing criminal investigation, which does <u>not</u> terminate upon the Florida Department of Law Enforcement's submission of its file to the SAO.  Finally, Plaintiffs' proposed "resolution" of the issue—a full stay of the case until FDLE completes its side of the investigation—does nothing to

meaningfully address the myriad problems and pitfalls raised in the Motion, which have been recognized repeatedly by several courts in this district.

Evidently recognizing that no party will have access to any of the relevant materials while the investigations are ongoing, Plaintiffs concede that a "limited" stay is appropriate (Resp. at 3-4), but are opposed to "an absolute and automatic blanket stay" (*id.* at 2). But the County is not seeking "an absolute and automatic blanket stay." Such an assertion misinterprets the thrust of the Motion, which is that a stay—***limited in time*** to the pendency of the ongoing state criminal and administrative investigations—would not prejudice any of the parties, while a ***denial*** of a stay would greatly prejudice all defendants, as well as Plaintiffs, who would be faced with the prospect of prosecuting and defending this litigation without any of the reports, documents, evidence, and information created or obtained during the criminal investigation.

Plaintiffs oppose a stay during the pendency of the criminal investigation, but fail to address or distinguish the myriad cases cited in the Motion, and cite to no cases in support of their own position. Instead, Plaintiffs merely note that many of the cases in the Motion were "agreed" orders (and are therefore presumably less applicable than opposed ones), while simultaneously acknowledging that courts have "inherent power to control their dockets," and that stays of civil actions are "quite discretionary." Resp. at 2. It necessarily follows, then, that courts have wide latitude in deciding whether a stay is appropriate—even where neither party opposes a stay—and that such decisions, irrespective of the parties' positions, are persuasive here. *See* Mot. at 1 n.1 (citing cases where courts have granted similar stays under the same circumstances).

Just last week, U.S. District Judge Ungaro made an independent determination that consideration of the relevant factors and the "interests of justice" warranted a stay under the

2

same circumstances presented here—despite the relief being unopposed by all—and entered a stay pending the conclusion of the underlying criminal investigation. *See Acosta v. Miami-Dade County, et al.*, Case No. 16-Civ-232410-UU [ECF No. 7] (Ungaro, J.) (a copy of this order is attached).

Plaintiffs also misunderstand the SAO's role in the criminal investigation, as highlighted by their proposal for a "full stay" of the case, but only until **FDLE** completes its investigation. Resp. at 3.  As Plaintiffs themselves admit, once FDLE completes its portion of the investigation, the investigative file goes to the SAO, where a prosecutor will then "make a charging decision" as to the officers.  *Id.*  Contrary to Plaintiffs' unsupported assertion, however, the criminal investigation **remains open** until the SAO decides whether to file criminal charges, and the SAO can continue its criminal investigative efforts, which includes re-interviewing witnesses already interviewed by FDLE.[1]  In other words, merely because FDLE completes its portion of the investigation does not foreclose the SAO from investigating further.

And, regardless of the stage of the criminal investigation, all the documents and information necessary to litigate and defendant the claims will remain confidential and unavailable.  In other words, during the pendency of SAO's criminal investigation, all of the issues regarding prejudice—the unavailability of any of the critical information and evidence, the implication of the officers' Fifth Amendment rights—remain in full force. *See Acosta*, Case No. 16-Civ-232410-UU [ECF No. 7] (Ungaro, J.) (granting stay of proceedings where criminal investigation was still pending in the State Attorney's Office).

---

[1] If needed, the County, based on its experiences with the SAO in these types of cases, can request an affidavit from the SAO, clarifying its precise role in the investigation and confirming that it will not release any documents or information until a prosecutorial decision is made.

3

As noted in its Motion, criminal investigations and criminal intelligence information are considered *active* if "the investigation is proceeding in good faith, and the state attorney or grand jury will **reach a determination in the foreseeable future**." *Barfield v. City of Ft. Lauderdale Police Dep't*, 639 So. 2d 1012, 1017 (Fla. 4th DCA 1994) (emphasis added); *see also* Fla. Stat. § 119.011(3)(d)(l) ("Criminal investigative information shall be considered 'active' as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future."). An active criminal investigation means that "an arrest or prosecution *may* result, **not that it must**." *Barfield*, 639 So. 2d at 1017 (emphasis added). Plaintiffs do not acknowledge these points in their Response.

Finally, Plaintiffs misunderstand the relief sought in the Motion. The County does not seek an indefinite stay of this proceeding—it seeks a stay during the ***pendency*** of the related state and criminal investigations (the first part of which, by Plaintiffs' own admission, "will soon be over"). The requested stay is necessary only until the disposition of the criminal investigation by the SAO and the administrative investigation by MDPD. *See Barfield*, 639 So. 2d at 1018 ("[T]his is not a situation where the information sought will remain permanently confidential. Rather, once the investigations are concluded, if no charges are filed, the records would cease to be 'active' and thus subject to disclosure."). Several courts have granted the relief sought here under the same circumstances. *See* Mot. at 1 n.1 (citing various cases from this district granting stays).

The County is cognizant of Plaintiffs' interests in a speedy resolution of this matter, but that interest must be balanced against the "irreparable harm and prejudice" defendants would face if a stay is denied. *See Acosta*, Case No. 16-Civ-232410-UU [ECF No. 7]. Moreover, Plaintiffs' interest in a speedy resolution is undermined by their own allegations in their

pleading, which indicate their intent to file an amendment in 5 months—a point made throughout the County's Motion, and wholly ignored in Plaintiffs' Response.

Plaintiffs present no arguments, other than mere delay, to explain why the requested stay would unfairly prejudice their case. However, "although promptness in judicial administration is highly desirable, ***delay may sometimes be necessary to the mission of doing justice***." *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 219 (3d Cir. 2003) (emphasis added) (reversing dismissal where plaintiff asserted privilege and district court refused to grant a stay). As Plaintiffs admit, "all witness statements are 'locked in' and all tangible evidence and reports [are] final and preserved" in the investigation. Resp. at 3. Accordingly, there can be no prejudice to Plaintiffs—other than temporary delay—by the granting of a stay here.

A stay here would allow the Court to fairly adjudicate this action on its merits, prevent irreparable harm and prejudice to defendants, and prevent future delay and inconvenience during discovery, all without placing an unnecessarily harsh burden on Plaintiffs.

## **CONCLUSION**

As argued in the Motion to Stay and above, all of the relevant factors in this case weigh in favor of granting a stay of these proceedings. Such a grant is proper because neither Plaintiffs, the public, nor other persons would be prejudiced by a stay, whereas the denial of a stay would substantially and irreparably prejudice the County and the individual officers because they will not be able to adequately defend this case if they are forced to litigate this case without access to critical criminal investigative information. The Court should exercise its inherent discretionary power and stay these proceedings until the related criminal and administrative investigative proceedings are concluded to assure the parties and the public of a fair and just adjudication of this case.

Dated: August 17, 2016

Respectfully submitted,
ABIGAIL PRICE-WILLIAMS
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: *Bernard Pastor*
Bernard Pastor
Fla. Bar. No. 46582
Anita Viciana
Fla. Bar. No. 115838
Assistant County Attorneys
e-mail: pastor@miamidade.gov
e-mail: anita@miamidade.gov
Phone: (305) 375-5151
Fax:  (305) 375-5634

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*Bernard Pastor*
Assistant County Attorney