UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-cv-22254-DPG

CARMEN RINCON and CARLOS RINCON,
as Personal Representatives of the Estate of
Ethan Rincon, deceased,

       Plaintiffs,

v.

MIAMI-DADE COUNTY, a subdivision
of the State of Florida, SERGEANT VICTOR EVANS,
individually and in his official capacity
as a police officer for Miami Dade County,
OFFICER JOHN DALTON, individually and in his official capacity
as a police officer for Miami Dade County, and
OFFICER BRIAN ZAMORSKI, individually and in his official capacity
as a police officer for Miami Dade County, and OFFICER
MARLENE TABORDA, individually and in her official capacity
as a police officer for Miami-Dade County,

       Defendants.

_____/

## MOTION FOR LEAVE OF COURT TO INITIATE DISCOVERY

For this motion, the Plaintiffs, CARMEN RINCON and CARLOS RINCON as Personal

Representatives of the Estate of Ethan Rincon state:

1. The Miami Dade County State Attorney's Office has officially closed out its
   investigation and the prior court-imposed stay on this case has now been lifted as of the
   recent status conference.  After a two-year plus stay, Plaintiffs now intend to move this
   case forward with alacrity.

1

2. Defendant Miami-Dade County ("MDC"), however, continues to oppose initiating discovery with the single argument that Defendant MDC must conclude its "Administrative Investigation". This is a red-herring argument. Here is why…

3. Since the FDLE has concluded its investigation of this police shooting, now, the *only* thing that the Miami Dade Police Department ("MDPD") will do "administratively" is take sworn statements from the three "shooting officers" – all of who are Defendants in this case. After that, as is typical with any shooting cover up, the MDPD will invariably and administratively rule the shooting as, "justified".

4. There is no rhyme, reason, rule, law, or statute as to why discovery should be stayed until these three sworn statements are taken. However, as a mere accommodation, the Plaintiffs have indicated that since these statements should be taken within the next 30 days, they are willing defer deposing the officers in this civil lawsuit until those statements are completed, if completed within the next 30 days.

5. However, the Plaintiff should be permitted to initiate discovery on all matters now as it is pertinent to perfecting the pleadings and to get this case now to trial after it has been placed on hold for several years. Justice delayed is justice denied.

6. This Court well recognized at the last status conference that the case law is not settled on the defense's general argument that discovery should not initiate until pleadings are closed. We argued then and repeat herein, that *when it comes to §1983 litigation*, there are more reasons than ever which mitigate in favor of permitting discovery while pleadings are being perfected. Here is why…

7. In a simple auto negligence lawsuit, for example, a plaintiff need only allege a date, time and location of an accident; that the plaintiff and defendant were driving their vehicles;

that the defendant owed a duty of care to the plaintiff; and that the defendant violated it by exceeding the speed limit, blowing the red light and striking the plaintiff in the rear. There is no way there that a motion to dismiss there is going to be granted.

8. Quite differently, in a §1983 case, the garden variety motion to dismiss that defendant filed in all these cases is that the plaintiff cannot sufficiently plead the "customs, policies and practices" which gave rise to the constitutional violation with regards to the municipality and likewise, but differently, that the allegations are insufficient to meet pleading requirements that the individual officers are not entitled to "qualified immunity". The law is quite clear that there are heightened pleading requirements in these particular actions. *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003); *Perez v. Metropolitan Dade County,* No. 06-20341, 2006 WL 4056997, at * 1-2 (S.D. Fla. April 28, 2006); *Blanton v. Miami Dade County,* No. 07-22282, 2007 WL 3118517 at *1 (S.D. Fla. Oct. 23, 2007)

9. Also, it is no secret that in police shooting cases, the shooting officers are all represented by free legal counsel - whether from the Dade County Police Benevolent Association or the Fraternal Order of the Police and are unwilling to give voluntary statements (or proffers) to plaintiff's counsel before compelled to do so in a deposition. Likewise it is no secret that police officers "protect their own" and therefore, an independent defense investigation pre-pleadings almost always invariably leads to nothing but a dead end.

10. In this particular case, there is a dynamic which most significantly mitigates in favor of discovery initiating *now* that there were no third-party eye-witnesses to the shooting, other than the shootings officers themselves.

11. For this reason and based on the heightened particularized pleading requirements of §
1983 complaints, we respectfully ask the Court to allow discovery to initiate now with a
caveat that the depositions of the shooting officer Defendants will take place after their
administrative statements have concluded, unless they are not concluded within the next
30 days.

12. Counsel for the Defendant MDC opposes the relief requested herein.

WHEREFORE, Plaintiffs pray this Court grant the relief requested herein.

Respectfully submitted,

s/ Richard Diaz

_____

RICHARD J. DIAZ, PA
3127 Ponce de Leon Blvd,
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
Email: rick@rjdpa.com
F.B.N. 0767697

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically
filed via CM/ECF this 14th day of December, 2018 and served upon all parties of record
electronically.

s/ Richard Diaz

_____

Richard J. Diaz, Esq.