UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22254-CIV-GAYLES/McAliley

CARMEN RINCON and CARLOS RINCON,
as Personal Representatives of the Estate of
Ethan Rincon, deceased,

     Plaintiffs,
v.

MIAMI-DADE COUNTY, *et al.*,

     Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' SECOND MOTION TO STRIKE**

     Defendants, Sergeant Victor Evans, Officer John Dalton, Officer Brian Zamorski, and Officer Marlene Taborda of the Miami-Dade Police Department ("MDPD") (collectively, the "Officers") and Miami-Dade County (the "County") (together with the Officers, "Defendants"), hereby file this Response in Opposition to Plaintiffs' Second Motion to Strike ("Motion to Strike") [ECF No. 108], in which Plaintiffs seek to strike from the docket the State Attorney's Office Memorandum [ECF No. 107-1] filed in connection with Defendants' Reply in Support of their Motion to Dismiss [ECF No. 107].

     Plaintiffs have brought an action against the Officers and the County stemming from the March 22, 2016 shooting death of Ethan Rincon, an individual who suffered from mental illness and who was wielding a pickaxe when Sergeant Evans, Officer Dalton, and Officer Zamorski came upon him in his house at night. *See* Fourth Am. Compl. ¶¶ 17, 22-23, 41, 50. Plaintiffs were not inside the home at the critical moment of the shooting, and the State Attorney's Office Memorandum ("SAO Memorandum"), as an agency report, is a public record that the Court may take judicial notice of, and may supplement the allegations of the complaint with. *See* Reply at 1 n.1 (citing *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, 2019 WL 3312530, at *5

(11th Cir. July 24, 2019) (Carnes, C.J., concurring) ("[I]n ruling on a motion to dismiss courts may supplement the allegations in a complaint with facts contained in judicially noticed materials.")). As Defendants noted in the Reply, in addition to what Plaintiffs themselves allege regarding Ethan's behavior and mental status, the SAO Memorandum, issued after its investigation, further reveals that Ethan was under the influence of various substances. *See* SAO Memorandum [ECF No. 107-1] at 37. Eleventh Circuit case law expressly authorizes district courts to take judicial notice of, and supplement the allegations of the complaint with, public records such as agency reports. *See, e.g.*, *K.T.*, 2019 WL 3312530.

Plaintiffs' Motion to Strike does not engage with any of this legal authority, and despite such authority, continues to quarrel with any consideration of the document at this stage. Plaintiffs also fail to identify which, if any, of the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Florida authorize the relief sought. Assuming Plaintiffs are traveling under Federal Rule of Civil Procedure 12(f), they fail to establish grounds upon which the Motion to Strike may be granted. Rule 12(f) explicitly authorizes striking "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Defendants' Reply in support of their Motion to Dismiss is not a pleading, and Plaintiffs have failed to provide even a single legal citation otherwise supporting striking the SAO Memorandum from the docket. *See generally* Motion to Strike.

Finally, Defendants note that Plaintiffs themselves have invoked terms suggesting criminal conduct. Given Plaintiffs' accusations of criminal conduct throughout the operative complaint—which Plaintiffs admit are "vehemently condemnatory" and "strident but nonetheless accurate" (Motion to Strike ¶ 1)—the SAO Memorandum makes clear that the State Attorney's Office conducted an exhaustive investigation into this incident and found that the Officers were legally justified in their use of deadly force by firing their weapons at Ethan Rincon—who was under the influence of amphetamines, methamphetamines, and alcohol—

when he attacked the Officers with a pickaxe. And although Plaintiffs claim they are "unable at this point in the litigation to assert a position on the memorandum's authenticity" (*id.* ¶ 3), the SAO Memorandum is a public record, which has been made available to all parties since the State Attorney's Office closed its investigation almost five months ago, when it released the memorandum and made it available to the public, including Plaintiffs. Indeed, Plaintiffs' counsel was in frequent communication with the Assistant State Attorney leading the investigation when the investigation was nearing completion. *See, e.g.*, [ECF No. 46] at 1. Defendants again invite Plaintiffs' counsel to contact the State Attorney's Office directly (305-547-0100) to confirm the authenticity of the memorandum.

The Court should, consistent with several of its prior decisions, consider the SAO Memorandum because the document is a public record and central to Plaintiffs' claim. *See Miadeco Corp. v. Miami-Dade County*, 249 F. Supp. 3d 1296, 1299 n.2 (S.D. Fla. 2017) (Gayles, J.) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider." (quoting *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006))), *aff'd in part, vacated in part on other grounds sub nom. Checker Cab Operators, Inc. v. Miami-Dade County*, 899 F.3d 908 (11th Cir. 2018); *JAWHBS, LLC v. Arevalo*, No. 15-24176, 2016 WL 4142498, at *7 (S.D. Fla. Aug. 4, 2016) (Gayles, J.) ("In particular, [a court] may take judicial notice of and consider documents which are public records, . . . because documents in the public record are not subject to reasonable dispute [as] they [are] capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned." (citations and internal quotation marks omitted)); *Cardelle v. Miami-Dade Police Dep't*, No. 14-22753, 2014 WL 4907702, at *1 n.1 (S.D. Fla. Sept. 30, 2014) (Gayles, J.) ("The Court may consider these documents on a motion to dismiss as they are public records that are central to Plaintiff's claim."), *aff'd sub nom. Cardelle v. Miami-Dade Cnty. ex rel. Miami-Dade Police Dep't*, 609 F. App'x 632

(11th Cir. 2015). It can also be considered because it is obviously authentic and not expressly refuted by the factual allegations in the pleading. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (permitting courts to consider documents that are central to the claim and obviously authentic in ruling on a motion to dismiss or for judgment on the pleadings).

Of course, any facts in the SAO Memorandum that are inconsistent with the allegations of the pleading should not be considered by the Court in deciding the motion to dismiss. Additionally any applicable facts in the SAO Memorandum, although not necessary to decide the motion, provide useful background facts relating to Plaintiffs' allegations.

Plaintiff's Motion to Strike should be denied.

Dated: August 23, 2019                          Respectfully submitted,

                                                      ABIGAIL PRICE-WILLIAMS
                                                      Miami-Dade County Attorney
                                                      Stephen P. Clark Center
                                                      111 N.W. 1st Street, Suite 2810
                                                      Miami, Florida 33128
                                                      (305) 375-5151

                                                      By: *s/ Anita Viciana*
                                                      Anita Viciana
                                                      anita@miamidade.gov
                                                      Florida Bar No. 115838
                                                      Bernard Pastor
                                                      pastor@miamidade.gov
                                                      Florida Bar No. 46582
                                                      Assistant County Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, I electronically filed the foregoing document using CM/ECF and copy of the foregoing was served this day on all counsel of record via CM/ECF.

                                                        *s/ Anita Viciana*
                                                        Anita Viciana
                                                        Assistant County Attorney