UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-22254-CIV-GAYLES/McAliley

CARMEN RINCON and CARLOS RINCON,
as Personal Representatives of the Estate of
ETHAN RINCON, deceased,

    Plaintiffs,
v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.
_____/

## DEFENDANTS' PARTIAL OBJECTIONS TO REPORT AND RECOMMENDATIONS

Defendants, Sergeant Victor Evans, Officer John Dalton, and Officer Brian Zamorski (collectively, the "Officers"), object in part to the Magistrate Judge's Report and Recommendation on Motion to Dismiss ("R&R") [ECF No. 111]. Specifically, although the R&R recommends dismissal of nearly all of the claims in Plaintiffs' Fourth Amended Complaint [ECF No. 96], the R&R errs in concluding the Officers are not entitled to qualified immunity with respect to Plaintiffs' claim for excessive force (Count II). The R&R likewise errs in concluding Plaintiffs have stated a claim for wrongful death against the Officers under state law (Count V).

For the reasons below, the portions of the R&R which recommend denying Defendants' Motion to Dismiss [ECF No. 99] as to Counts II and V of the Fourth Amended Complaint are clearly erroneous or contrary to law and should be set aside.

## INTRODUCTION

This case stems from a March 22, 2016 encounter during which Sergeant Evans, Officer Dalton, and Officer Zamorski—having responded to various 911 calls about a subject vandalizing cars in a residential neighborhood with a weapon—came upon Ethan Rincon **wielding a pickaxe**

inside his home and, in response to the immediate and deadly threat posed by Ethan, discharged their own firearms. Moreover, just before the Officers entered the house and encountered the pickaxe-wielding Ethan, they learned from Ethan's parents—Plaintiffs Carmen and Carlos Rincon—that Ethan's parents were attempting to have Ethan involuntarily committed because he had been behaving in an emotionally unstable manner over the previous forty-eight hours. Only the three officers entered the residence at the time of the shooting; Plaintiffs remained outside the house throughout the incident, and had not been with Ethan in the hours prior to the incident.

Despite not witnessing the shooting, Plaintiffs allege the Officers used excessive force in shooting Ethan, along with a host of other claims. The Fourth Amended Complaint asserts seven claims. The R&R recommends dismissal of all but two: Count II, for excessive force pursuant to 42 U.S.C. § 1983, and Count V, a state law wrongful death claim, all against Sergeant Evans, Officer Dalton, and Officer Zamorski. The R&R finds the Officers are not entitled to qualified immunity with respect to Count II, and finds Plaintiffs have stated a claim with respect to Count V. These recommendations err because they (1) misapply Eleventh Circuit case law regarding qualified immunity and (2) improperly credit speculative or conclusory allegations for which Plaintiffs have no basis in fact. Counts II and V, along with the rest of Plaintiffs' claims, should be dismissed.

## MEMORANDUM

The circumstances and events an officer faced "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Manners v. Canella*, 891 F.3d 959, 973 (11th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In recommending that Count II, for excessive force, and Count V, for wrongful death, be

permitted to proceed, the R&R not only erroneously credits allegations that are not well-pled, but also fails to properly apply recent Eleventh Circuit case law regarding qualified immunity.

I.  **The Officers Are Entitled to Qualified Immunity on Plaintiffs' Excessive Force Claim in Count II**

Plaintiffs cannot state a claim for excessive force against the Officers in Count II because they are entitled to qualified immunity. As the R&R notes, it is Plaintiffs' burden to overcome the Officers' entitlement to qualified immunity. Here, Plaintiffs cannot show that the Officers' conduct violated the Fourth Amendment because the Officers were forced to make a split-second decision to use force when they confronted Ethan holding a pickaxe inside the house. Under these circumstances, the use of force was objectively reasonable, so, as a matter of law, the Officers are entitled to qualified immunity because their use of force did not violate Ethan's constitutional rights. The Officers are also entitled to qualified immunity because they violated no clearly established right.

In concluding that the Officers are not entitled to qualified immunity, the R&R improperly credits speculative allegations for which Plaintiffs, who were not inside the residence at the time of the shooting, could not possibly have a basis of knowledge. *See* R&R at 16-17 (declining to follow *Prosper v. Martin*, No. 17-20323-CIV, 2018 WL 3084062 (S.D. Fla. June 21, 2018), where the court rejected deficient allegations that were not "supported by a factual basis establishing the plaintiff's knowledge of the event as described"). For example, the R&R credits Plaintiffs' speculative allegation that Ethan was home alone (*see* R&R at 2), despite the fact that Plaintiffs (1) were not home preceding this incident, (2) were not together preceding this incident as they arrived separately on scene, and (3) arrived after the Officers did (*see* Fourth Am. Compl. ¶ 21). The R&R likewise credits Plaintiffs' conclusory allegation that "Ethan could not have wielded the

pickaxe in any menacing way" (R&R at 16 (quoting Fourth Am. Compl. ¶ 50)), despite the fact that, again, Plaintiffs have no basis of knowledge for this allegation.

The R&R also, in coming to its erroneous conclusion regarding qualified immunity here, misapplies the holding of *Perez v. Suszczynski*, 809 F.3d 1213, 1220 (11th Cir. 2016). The Magistrate Judge cites *Perez* for its holding that "the mere presence of a gun or other weapon is not enough to warrant the exercise of deadly force and shield an officer from suit." R&R at 16 (citing *Perez*, 809 F.3d at 1220). But the R&R fails to acknowledge that, in *Perez*, record evidence indicated the plaintiff was no longer in possession of his weapon at the time of the shooting. *See Perez*, 809 F.3d at 1220-21 ("Here, witnesses testified that Arango's handgun had been removed from his person when he was shot. The use of lethal force under such circumstances—after any potential threat had been neutralized—is objectively unnecessary and disproportionate.").

In stark contrast to *Perez*, there is absolutely no allegation here that Ethan was not holding his pickaxe at the time the Officers discharged their weapons—a fact the Magistrate Judge explicitly recognized. *See* R&R at 16 ("It is true, as Defendants point out, that Plaintiffs do not expressly deny that Ethan was holding a pickaxe when shot."). The only allegation regarding Ethan's weapon is Plaintiffs' conclusory, baseless allegation that "Ethan could not have wielded the pickaxe in any menacing way." R&R at 16 (quoting Fourth Am. Compl. ¶ 50). The R&R fails to account for this material difference between *Perez* and the circumstances here, and in doing so, misapplies *Perez* to support a denial of the Officers' entitlement to qualified immunity.

Finally, the R&R misapplies the Eleventh Circuit's recent holding in *Shaw v. City of Selma*, 884 F.3d 1093 (11th Cir. 2018), which weighs heavily in favor of granting qualified immunity here. Specifically, the R&R erroneously concludes that Plaintiffs' allegation indicating "at least five to six feet separated Ethan . . . and the officers . . . ***raise[s] the reasonable inference that the***

4

***MDPD Officers were not in grave danger***." R&R at 14-15 (emphasis added). This conclusion cannot be squared with *Shaw*.

The Magistrate Judge's "reasonable inference" that the Officers were not in grave danger because Ethan was "at least five to six feet" away is directly at odds with the holding in *Shaw*. In *Shaw*, the Eleventh Circuit held that a police officer did not use excessive force when he shot a 74-year-old man who wielded a hatchet, despite (1) its assumption as true that the man did not raise the hatchet at the time the officer fired and (2) that the man was "a few feet" away from the officer at the time the officer discharged his weapon. *Shaw*, 884 F.3d at 1100.

Moreover, the R&R also ignores salient points in *Shaw* that actually cut *in favor* of qualified immunity here. The incident in *Shaw* involved an elderly, 74-year old man, who had at first "slowly walk[ed] away" from the officers. *Id.* at 1097. The incident there took place almost entirely outside, in the broad daylight of afternoon, over the course of two minutes. *Id.* Here, by contrast, the Officers were suddenly and unexpectedly faced with the immediate threat of a 21-year old wielding a pickaxe in a dark, unfamiliar, confined interior space. The *Shaw* officers had much more room to tactically maneuver, on public streets in broad daylight, than the Officers here had standing in a perpendicular dead-end of narrow residential hallways at night. *Shaw* underscores what the Eleventh Circuit has made exceedingly clear for over a decade: "the law does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect." *Long v. Slaton*, 508 F.3d 576, 581 (11th Cir. 2007).

Finally, it seems both Plaintiffs and the Magistrate Judge overstate the "obstruction" of Ethan's bedroom door. Even crediting Plaintiffs' allegation that "the bedroom door opened only approximately 70 degrees" (Fourth Am. Compl. ¶ 50), that still represents *nearly 80 percent of the total aperture*. In other words, the door—even "obstructed"—could, by Plaintiffs' own admission,

open practically all the way. A door that opens 70 degrees (when most interior doors open a maximum of 90) offers essentially no impediment to a person passing through it. This is not "evidence-weighing." R&R at 16 n.7. This is math, with a dash of common sense.

All this is to say: if the Eleventh Circuit found the force in *Shaw* did not violate clearly established Fourth Amendment law, it is clear that here, given the tense, uncertain, and rapidly evolving circumstances presented to the Officers, Plaintiffs fall far short of establishing a constitutional violation, much less overcoming the Officers' entitlement to qualified immunity.

## II.     Count V Fails to State a Claim

As noted by Defendants in their Motion to Dismiss as well as the Magistrate Judge in the R&R, Count V cannot state a claim against the Officers for wrongful death under Florida law if the force used was reasonable under the circumstances. In other words, if a court finds that a use of deadly force is objectively reasonable under the Fourth Amendment, no further analysis of the use of force under state law is necessary. *See Davis v. Williams*, 451 F.3d 759, 768 (11th Cir. 2006).

Under the circumstances presented to the Officers, there can be no question that the Officers' belief—that deadly force was necessary to defend themselves from serious bodily harm—was reasonable and justified. For the same reasons that Count II fails, Count V likewise fails, and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reject the portions of Magistrate Judge's Report and Recommendation on Motion to Dismiss [ECF No. 111] which recommend denying the relief sought in Defendants' Motion to Dismiss [ECF No. 99].

Dated: May 14, 2020                                  Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128

By: *s/ Anita Viciana*
Anita Viciana
Florida Bar No. 115838
anita@miamidade.gov
Bernard Pastor
pastor@miamidade.gov
Florida Bar No. 46582
Assistant County Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

*s/ Anita Viciana*
Assistant County Attorney