UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 16-cv-22254-DPG

CARMEN & CARLOS RINCON,
    *Plaintiffs*,
v.

MIAMI-DADE COUNTY, e*t al.*,
    *Defendants*.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT OFFICERS' OBJECTIONS TO
<u>MAGISTRATE'S REPORT & RECOMMENDATION</u>**

**COME NOW,** the Plaintiffs, Carmen and Carlos Rincon, by and through their undersigned counsel and pursuant to rule 72(b)(2) of the Federal Rules of Civil Procedure, and hereby file this Response in Opposition to the Defendant Officers' Objections [DE 115] to the Magistrate's Report and Recommendation (the "Report") [DE 111] on the Defendants' Motion to Dismiss [DE 99], and state:

**I.    Introduction**

1.    On March 22, 2016, Miami-Dade Police received reports of vandalism and property damage in Palmetto Bay.  Officers, including Defendants Evans, Dalton, Zamorski, and Taborda converged on the Rincon home.  Armed with nothing more than a possible identification of the vandalism suspect and a potential location at the Rincon home—and cavalierly ignoring the anguished pleas of the Plaintiffs to be allowed to go into the home to get their son to come out to speak with the officers—Evans, Dalton, and Zamorski, without a warrant, without exigent circumstances, and without consent, stormed the house and within seconds executed the Plaintiffs'

son, Ethan, all over, at most, a property crime. After the cold-blooded shooting, Evans exited the house and fabricated an excuse of having been menaced with a pickaxe—a physical impossibility.

2. The Plaintiffs brought suit in response, pressing claims against Miami-Dade County and against the officers. Specifically, the Plaintiffs brought claims against all Defendants for violating the Americans with Disabilities Act ("ADA"), a *Monell* claim against the County for constitutional rights violations, section 1983 claims against the officers for constitutional rights violations, and a series of ancillary state-law claims. The Defendants moved to dismiss [DE 99], which the Plaintiffs largely opposed [DE 104], although the Plaintiffs withdrew their ADA claims against the officers. Magistrate Judge McAliley issued a detailed and thoroughly reasoned Report [DE 111].

3. The Report recommends dismissal with prejudice of the ADA claims against the officers, the section 1983 claim against Taborda, and the state wrongful-death claims against the officers based on gross negligence; recommends dismissal without prejudice of the ADA claim against the County, the *Monell* claim against the County, the state-law conspiracy claim against the officers, and the state intentional infliction of emotional distress claims against the officers; and recommends denying dismissal of the section 1983 claims against the officers other than Taborda and the state wrongful-death claims against the officers other than Taborda. The Plaintiffs filed no objection to the Report. The County filed no objection to the Report. The officers (other than Taborda) objected [DE 115] only to the portions of the Report that recommend denying the Motion to Dismiss as to the section 1983 claims and state wrongful-death claims against the officers. Because the officers' Objections suffer the same infirmity—a failure to appreciate what may be considered at the motion-to-dismiss stage—as their Motion to Dismiss, the Court should accept the Report and reject the Objections.

## II.     Legal Standards

4. The Court determines *de novo* any part of a magistrate judge's report and recommendation to which objections properly have been interposed.  Fed. R. Civ. P. 72(b)(3).

5. Rule 8 requires a short and plain statement showing that the claimant is entitled to relief.  Fed. R. Civ. P. 8.  A complaint must contain sufficient factual allegations to present a plausible claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  When deciding a motion to dismiss, a court must take as true all well-pleaded allegations in the complaint and view them and all reasonable inferences in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570).  At the motion-to-dismiss stage, it is the Plaintiffs' allegations that control.

6. Pleadings must be construed liberally, "so as to do justice." Fed. R. Civ. P. 8(e).  A complaint "survives a motion to dismiss 'even if it strikes a savvy judge that actual proof… is improbable[] and that recovery is very remote and unlikely.'"  *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1326 (S.D. Fla. 2012) (quoting *Twombly*, 550 U.S. at 556).  Leave to amend should be granted freely in the interests of justice.  Fed. R. Civ. P. 15(a)(2); *126th Ave. Landfill, Inc. v. Pinellas County*, 459 F. App'x 896, 897 n.1 (11th Cir. 2012).  Leave to amend is "particularly appropriate" upon a finding of failure to state a claim.  *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (citing *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977)).  A court should grant leave to amend when the plaintiff's underlying facts may be a proper subject of relief.  *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014).  Thus, as long as a plaintiff <u>could</u> present a claim for relief, any dismissal should be without prejudice.

7. Assertion of entitlement to qualified immunity does not change the standard by which a motion to dismiss is to be decided.  *See Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir.

2019). When qualified immunity is asserted in a motion to dismiss, the motion-to-dismiss standard and the qualified-immunity inquiry intertwine. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998). The Court must still accept as true the Plaintiffs' facts and view them in the light most favorable to and drawing all reasonable inferences in favor of the Plaintiffs. *See Sebastian*, 918 F.3d at 1307 (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)); *Robinson v. Arrugueta*, 415 F.3d 1252, 1256 (11th Cir. 2005) (court analyzing qualified immunity must do so "[w]ith the plaintiff's best case in hand"). Review of a motion to dismiss, including one asserting qualified immunity, is limited to the four corners of the operative complaint. *St. George*, 285 F. 3d at 1337 (citing *Grossman v. Nationsbank, N.A.*, 225 F. 3d 1228, 1231 (11th Cir. 2000)).

8. Qualified immunity may provide a defense to governmental officials sued in their individual capacities. *E.g., Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). In section 1983 actions, qualified immunity protects governmental employees from suit <u>only when</u> "'their conduct does not violate clearly established rights of which a reasonable person would have known.'" *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To claim qualified immunity, a defendant must show that, at the time of the conduct in question, he or she was engaged in a discretionary duty. *Mercado*, 407 F.3d at 1156 (citing *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)). Upon such showing, the burden then shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Id.* (citing *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)). The qualified-immunity analysis at the motion-to-dismiss stage is a two-part inquiry. The questions to be answered are: "(1) whether the facts alleged… show that the officer's conduct violated a constitutional right, and (2) whether, under the facts alleged, there was a violation of clearly

established law." *Williams v. Santana*, 340 F. App'x 614, 616-17 (11th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)) (internal quotation marks omitted).

### III.  Argument: The Magistrate's Report and Recommendation Should Be Accepted

9.  The primary flaw in the officers' Objections mirrors the fundamental error in the Motion to Dismiss.  The officers ignore the stage of the proceedings and the standards that apply. The officers attempt to add their own facts and to entice the Court into failing to take as true the Plaintiffs' allegations and to view them in the light most favorable to the Plaintiffs. The officers strive mightily to convince the Court that Ethan Rincon menaced the officers with a pickaxe. (Objections [DE 115] at 1-2, 3, 4.)  However, the Fourth Amended Complaint **does not** allege that Ethan wielded or even held a pickaxe; in fact, it alleges that Ethan **could not** have brandished a pickaxe in any threatening manner and posed no danger at all.  (4th Am. Compl. [DE 96] ¶¶ 19, 22, 26, 47, 49-51, 94.)  Similarly, the officers contend that they had to make a split-second decision. (Objections [DE 115] at 3.)   Such an allegation is not to be found in the Fourth Amended Complaint.  The Plaintiffs allege that the officers—investigating simple property damage—arrived at the Rincon home and had ample time for deliberation: the officers were able to speak with (and ignore) the Plaintiffs; the officers had time to decide to storm the home in the investigation of a property crime, without a warrant, without exigent circumstances, and without consent; faced with no threat to their safety, the officers nonetheless decided to kill Ethan.  (4th Am. Compl. [DE 96] ¶¶ 18, 20, 22, 24-27, 35-36, 39.)  At the motion-to-dismiss stage, the officers are not at liberty to supply, and the Court is not at liberty to entertain, their own factual allegations.  *See Sebastian*, 918 F.3d at 1307; *St. George*, 285 F.3d at 1337; *GJR Invs.*, 132 F.3d at 1366.

10.  According to the officers, the Report errs in crediting what the officers term the Plaintiffs' speculative allegations, for which, the officers protest, the Plaintiffs lack a basis for

knowledge. (Objections [DE 115] at 3.) The officers specifically complain that the Plaintiffs had no basis for their allegation that Ethan was in the home alone. (*Id.*) Although the officers prevented the Plaintiffs from entering their own home, the Plaintiffs were there, at the house. The officers stormed in and came out; only one body was removed from the house: Ethan's. For the officers to claim or insinuate that there was anyone else in the house is the height of mendacity. Moreover, any factual allegation not found in the Fourth Amended Complaint may not be considered on a motion to dismiss.

11. The officers likewise take issue with the Plaintiffs' allegation that Ethan posed no danger to anyone and could not have wielded a pickaxe in any menacing fashion, arguing again that the Plaintiffs, who were not inside the house, lacked a basis for knowledge. (*Id.* at 3-4.) The Plaintiffs lived in the house; they knew the house. They were familiar with the layout of the house. Moreover, the Plaintiffs allege that a reconstruction of the scene was performed (4th Am. Compl. [DE 96] ¶¶ 49-50), providing yet more foundation for the Plaintiffs' knowledge regarding the allegations they made.

12. Continuing their attack on the Report, the officers argue that the Magistrate erred in failing to acknowledge that, in *Perez v. Suszczynski*, 809 F.3d 1213 (11th Cir. 2016), record evidence showed that the deceased was no longer in possession of a weapon at the time of the shooting. (Objections [DE 115] at 4.) The officers again fail to understand that the case *sub judice* is at the motion-to-dismiss stage. There is no record evidence. *Perez* was an appeal of a denial of summary judgment. 809 F.3d at 1216. The Report merely quotes *Perez* for the holding that the presence of a weapon, alone, does not preclude a claim for excessive force. (Report [DE 111] at 16.) As the Report indicates, the reasonableness of a use of force depends on the totality of the circumstances. (*Id.* (quoting *Shaw v. City of Selma*, 884 F.3d 1093, 1099 (11th Cir. 2018).) The

officers would have the Court rely on the officers' version of events via allegations outside the complaint. That, of course, the Court may not do.

13. The officers seize upon *Shaw*, contending that the Magistrate misapplied the holding therein. (Objections [DE 115] at 4-5.) The Report does not misapply *Shaw*. All the Report does is cite to *Shaw* for the undeniable truth that reasonableness is to be measured by examining the totality of the circumstances. The officers would distinguish the facts of *Shaw*, alleging that, in *Shaw*, the police had more room for tactical maneuver than did the officers here. (*Id.*) The location of the incident in *Shaw* outdoors in daylight does not change the procedural posture of the instant matter. The Plaintiffs allege that Ethan could not have posed a danger to the officers; they base their allegations on their knowledge of the home and a reconstruction of the scene. The officers' version of events, for present purposes, simply is irrelevant. It would be error to consider and credit the officers' allegations or to indulge in any inferences in the officers' favor. The Magistrate's reasonable inference, based on the Plaintiffs' allegations and made at the motion-to-dismiss stage, that the officers were not in danger because Ethan was at least 5 to 6 feet from them when they executed him is not, as the officers object, directly at odds with *Shaw*. (*Id.* at 5.) The Magistrate's inference (Report [DE 111] at 14-15) is precisely what *Shaw* and the motion-to-dismiss standard command. Taking into account the totality of the circumstances presented by the allegations found in the Fourth Amended Complaint, the Magistrate made a reasonable inference in the Plaintiffs' favor.

14. As to the Magistrate's recommendation denying dismissal of the state-law wrongful death claims, the officers advance no independent arguments. The officers rest on their arguments for qualified immunity. (Objections [DE 115] at 6.) Because the Plaintiffs have responded to the officers' qualified immunity arguments, they similarly rest on such responses.

## IV. Conclusion

15. The Magistrate painstakingly crafted a thorough Report and Recommendation, following carefully the standard that applies when deciding motions to dismiss. The officers, disgruntled that the Magistrate recommends denying qualified immunity at this stage, advance no winning arguments. The Report and Recommendation should be accepted in full.

Dated May 28, 2020

Respectfully submitted,
/s/ Domingo C. Rodriguez
Domingo C. Rodriguez, Esq. (FBN 394645)
domingo@rlomiami.com
RODRIGUEZ LAW OFFICE, LLC
95 Merrick Way, Suite 720
Coral Gables, FL 33134
Tel: 305-774-1477 ~ Fax: 305-774-1075

Richard J. Diaz, Esq. (FBN 767697)
rick@rjdpa.com
RICHARD J. DIAZ, P.A.
3127 Ponce de Leon Blvd.
Coral Gables, FL 33134
Tel: 305-444-7181 ~ Fax: 305-444-8178

Roberto E. Pertierra, Esq. (FBN 616370)
pertierrapa@gmail.com
ROBERTO E. PERTIERRA, P.A.
2655 S. LeJeune Rd., Suite 1105
Coral Gables, FL 33134
Tel: 305-444-0011 ~ Fax: 305-441-2122