UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-22254-GAYLES/MCALILEY

**CARMEN RINCON and CARLOS
RINCON, Personally, and as Personal
Representatives of the Estate of
Ethan Rincon, deceased,**

    Plaintiffs,

v.

**MIAMI-DADE COUNTY, a subdivision
of the State of Florida, SERGEANT VICTOR
EVANS, individually and in his official capacity
as a police officer for Miami Dade County,
OFFICER JOHN DALTON, individually and
in his official capacity as a police officer for
Miami Dade County, and OFFICER BRIAN
ZAMORSKI, individually and in his official
capacity as a police officer for Miami Dade
County, and OFFICER MARLENE TABORDA,
individually and in her official capacity as a
police officer for Miami-Dade County,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Chris McAliley's Report and Recommendation (the "Report") [ECF No. 111] regarding Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (the "Motion") [ECF No. 99]. The matter was referred to Magistrate Judge McAliley, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial matters. [ECF No. 88]. Judge McAliley's Report recommends that the Court grant the Motion in part. Defendants Sergeant Victor Evans, Officer John Dalton, and Officer Brian Zamorski (collectively, the "Officers" or "Defendants") timely filed objections to the Report, disputing

Judge McAliley's recommendation denying Defendants' Motion as to Counts II and V of the Fourth Amended Complaint. [ECF No. 115].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## DISCUSSION[1]

The Officers' objections to Counts II and V essentially mirror their arguments in the Motion. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Sanchez v. Jones*, No. 17-CIV-21911, 2019 WL 8892627, at *1 (S.D. Fla. Apr. 29, 2019). Even so, having conducted a *de novo* review, the Court agrees with Judge McAliley's well-reasoned analysis and conclusions and finds that Defendants' objections have no merit.

The Court notes, however, the Officers' contention that the Report misapplies the holding of *Perez v. Suszczynski*, 809 F.3d 1213 (11th Cir. 2016)—that "the mere presence of a gun or other weapon is not enough to warrant the exercise of deadly force and shield an officer from suit." *Id.* at 1220. In particular, the Officers argue that the Report "fails to acknowledge that, in *Perez*, record

---

[1] The Report's recitation of the factual and procedural background is incorporated into this Order by reference.

evidence indicated the plaintiff was no longer in possession of his weapon at the time of the shooting." [ECF No. 115 at 4]. However, the facts of *Perez* are irrelevant as the Report merely quotes *Perez* to emphasize that the presence of a weapon, alone, does not preclude a claim for excessive force. "Although the presence or absence of a weapon is a factor in this analysis, it is merely one element in the calculus; the ultimate determination depends on the risk presented, evaluating the totality of the circumstances surrounding the weapon." *Perez*, 809 F.3d at 1220. The Eleventh Circuit has considered the use of deadly force to be more reasonable when 1) the suspect poses an immediate threat of serious physical harm to officers or others; 2) the suspect committed a crime involving the infliction or threatened infliction of serious harm, such that his being at large represents an inherent risk to the general public; and 3) the officers either issued a warning or could not feasibly have done so before using deadly force. *Salvato v. Miley*, 790 F.3d 1286, 1293 (11th Cir. 2015).

Here, the Officers were responding to a non-violent vandalism complaint and upon interaction with the victim, gave no verbal commands or warnings, although feasible, before firing their weapons. When viewed in the light most favorable to the Plaintiffs, the facts demonstrate a plausible claim for excessive use of force.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Magistrate Judge McAliley's Report and Recommendation on Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint, [ECF No. 111], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint, [ECF No. 99], is **GRANTED in part and DENIED in part**;

(3) Count I is **DISMISSED with prejudice** against the Officers and **DISMISSED without prejudice** as against Miami-Dade County;

(4) Count II is **DISMISSED with prejudice** against Defendant Officer Marlene Taborda. Defendants' Motion is **DENIED** as to Count II against Defendants Sergeant Victor Evans, Officer John Dalton, and Officer Brian Zamorski;

(5) Counts III, IV, and VII are **DISMISSED without prejudice**;

(6) Defendants' Motion is **DENIED** as to Count V; and

(7) Count VI is **DISMISSED with prejudice.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4