UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-22254-GAYLES/MCALILEY

CARMEN RINCON and CARLOS
RINCON, personally, and as personal
representatives of the Estate of
Ethan Rincon, deceased,

       Plaintiffs,

v.

MIAMI-DADE COUNTY, a subdivision
of the State of Florida, SERGEANT VICTOR
EVANS, individually and in his official capacity
as a police officer for Miami Dade County,
OFFICER JOHN DALTON, individually and
in his official capacity as a police officer for
Miami Dade County, and OFFICER BRIAN
ZAMORSKI, individually and in his official
capacity as a police officer for Miami Dade
County, and OFFICER MARLENE TABORDA,
individually and in her official capacity as a
police officer for Miami-Dade County,

       Defendants.
_____/

**SCHEDULING ORDER SETTING CIVIL TRIAL DATE AND
PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND
REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE**

       **THIS CAUSE** is set for a jury trial during the Court's two-week trial calendar beginning

on **Monday, March 14, 2022**. The **Calendar Call** will be held at **9:30 a.m. on Wednesday,**

**March 09, 2022**. A **Status Conference** will be held at **10:00 a.m. on Wednesday, January 12,**

**2022**. The parties shall adhere to the following schedule:

1.    Joinder of any additional parties and filing of motions to amend the complaint
by                                                          **3/15/2021**

| | | |
|---|---|---|
| 2. | Written lists containing the names and addresses of all witnesses intended to be called at trial by | **2/1/2021** |
| 3. | Plaintiff(s) shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **6/29/2021** |
| 4. | Defendant(s) shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **7/27/2021** |
| 5. | Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **8/10/2021** |
| 6. | Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | **6/14/2021** |
| 7. | Fact discovery shall be completed by | **6/1/2021** |
| 8. | Expert discovery shall be completed by | **9/6/2021** |
| 9. | Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **11/8/2021** |
| 10. | Mediation shall be completed by | **12/6/2021** |
| 11. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **1/3/2022** |
| 12. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | **1/31/2022** |
| 13. | Electronic versions of documentary exhibits and Certificates of Compliance re Admitted Evidence shall be filed on CM/ECF by | **3/7/2022** |

**Motions.** Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Each party shall be limited to filing one (1) motion in limine. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12 point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position**.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636, all discovery matters are referred to Magistrate Judge Chris M. McAliley to take all appropriate action. Furthermore,

pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge McAliley.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. The Court must approve all stipulations that would interfere with schedule deadlines. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of Magistrate Judge McAliley**. Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they **shall not file written motions**. Rather, the parties shall follow Judge McAliley's Discovery Procedure Order to schedule the matter for a hearing.

**Deposition Designations. Parties seeking to use deposition testimony at trial shall provide the Court will a full deposition transcript. The designations shall be color coded, with each party highlighting the deposition testimony it intends to use in a specific color. Objections to designations shall be included in the margins of the transcript.**

**Electronic Submission of Exhibits**. Pursuant to United States District Court for the

3

Southern District of Florida Administrative Order 2016-70 regarding electronic submission of exhibits, counsel must file in the CM/ECF system electronic versions of documentary exhibits to be submitted at trial no later than 48 hours prior to Calendar Call.[1] At the time of filing the electronic exhibits, an attorney for each party shall also complete and file the attached **Certification of Compliance re Admitted Evidence**. Electronically filed exhibits are subject to CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials. Failure to file the electronic exhibits and Certification of Compliance by the date enumerated above may result in the imposition of sanctions. Any original exhibits that have been returned to, or retained by. the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals; upon order of the Court, the filing party must return the original exhibits to the Clerk of Court.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this **Tuesday, December 22, 2020.**

 

 

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge McAliley
        All Counsel of Record

---

[1] This requirement excludes contraband and audio/video recordings. The filing party will file with the Clerk a CD, DVD, or other electronic medium containing a copy of any exhibit that is an audio or video recording.